**Sai Malena Jimenez Fogarty**
228 East Route 59
Nanuet, NY 10954
sunnysky155@gmail.com

October 19, 2025

**Honorable Kyu Young Paek**
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

**Re: In re Thomas Gorman, Case No. 25-22646-kyp (Chapter 11) – Objection to Discharge, Notification of Bankruptcy Fraud, and Request for Investigation**

**OBJECTION TO DISCHARGE AND REQUEST FOR RELIEF**

Dear Honorable Kyu Young Paek:

I, Sai Malena Jimenez Fogarty, respectfully submit this Objection to Discharge in the above-captioned Chapter 11 bankruptcy case of Thomas Gorman (the "Debtor") pursuant to 11 U.S.C. § 1141(d)(3), incorporating grounds under 11 U.S.C. §§ 523(a), 727(a), and related provisions, including Fed. R. Bankr. P. 4004 and 7001. I file this objection as a pro se litigant, in my capacity as a creditor and interested party under 11 U.S.C. § 1109(b), and as the estranged spouse of Thomas Fogarty, who engaged in coordinated fraudulent activities with the Debtor and Bernard Griffin in connection with Highbury Concrete, Inc. (the "Company"). This submission serves as formal notice of documented bankruptcy fraud exceeding $21 million arising from conduct involving the Debtor, Thomas Fogarty, and Bernard Griffin, through the Company, which generated annual revenues exceeding $150 million.

**I. Background and Fraud**

The Debtor's misconduct, in concert with Thomas Fogarty and Bernard Griffin (collectively, the "Principals"), involves fraudulent diversions conservatively estimated to exceed $32 million, encompassing misuse of COVID-19 relief funds under the Paycheck Protection Program (PPP), wage-related violations under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq., and New York Labor Law (NYLL) §§ 190 et seq., bankruptcy-related misrepresentations under 18 U.S.C. §§ 152 (concealment of assets, false oaths) and 157 (bankruptcy fraud schemes), tax evasion under 26 U.S.C. § 7201 (willful evasion), and insurance irregularities potentially violating N.Y. Ins. Law § 4226 and 18 U.S.C. § 1341 (mail fraud). These actions were perpetrated during their tenure as co-owners of Highbury Concrete, our construction enterprise.

In the ongoing Chapter 11 bankruptcy proceedings (Case No. 25-22646-kyp), the Debtor has claimed that these hundreds of millions of dollars have dissipated without providing verifiable

accounting or supporting documentation, as required under 11 U.S.C. § 1106 (duties of debtor in possession) and Federal Rule of Bankruptcy Procedure 1007 (schedules and statements). This lack of transparency raises serious concerns of concealment, undermines creditor rights, and jeopardizes the integrity of the bankruptcy process, consistent with the continuous concealment doctrine, which denies discharge for ongoing asset hiding. The unaccounted-for dissipation of assets necessitates the appointment of a trustee or examiner under 11 U.S.C. § 1104 for an independent forensic audit to ensure accountability and protect public confidence in the judicial system, as upheld in precedents such as In re Refco Inc., 336 B.R. 187 (Bankr. S.D.N.Y. 2005).

As a pro se litigant, I am concurrently managing my own Chapter 7 bankruptcy proceeding (In re Sai Malena Jimenez Fogarty, Case No. 25-22329, Bankr. S.D.N.Y.), two federal lawsuits against Thomas Fogarty, divorce proceedings, and three appeals, an interested party/creditor in the Fogarty, Gorman and Griffin bankruptcy cases, without legal representation in 7 of the 9 legal matters. These challenges stem from obstructions by Thomas Fogarty regarding access to my multimillion-dollar marital estate, including Highbury Concrete, which was established with my premarital capital on April 3, 2013, following our marriage on January 25, 2013. I have been unlawfully denied access to all my financial assets since our separation in 2021, rendering me destitute.

Due to financial constraints and systemic delays in using the Pro Se Upload Tool, docketing delays of up to five days (e.g., as experienced with Doc. 37 in In re Thomas A. Fogarty), I have encountered significant barriers to timely filing of this matter. I lacked resources for travel to White Plains to submit in person, I respectfully request accommodations pursuant to 28 U.S.C. § 1915 (in forma pauperis proceedings) and Federal Rule of Bankruptcy Procedure 1007(m) (relating to extensions and accommodations for filings). **This is my second attempt to submit this objection; the first has not yet appeared on the docket. Accordingly, I am delivering this document in person today, October 21, 2025, and request inclusion in the hearing scheduled for October 23, 2025, pursuant to Local Bankruptcy Rule 5070-1 and 11 U.S.C. § 1109(b).**

## II. Grounds for Objection: Bankruptcy Fraud

This Chapter 11 petition for Thomas Gorman ("Debtor") constitutes bankruptcy fraud under 18 U.S.C. §§ 157 and 152, involving premeditated debt accumulation exceeding $21 million across eight lawsuits (all defaulted without counsel), followed by strategic filing to evade repayment while concealing significant luxury assets. The timing of loan defaults immediately preceding the bankruptcy filing on July 14, 2025, suggests a deliberate strategy to obtain credit without intent to repay, indicative of bankruptcy fraud, including concealment of assets and submission of false declarations, as prohibited by 11 U.S.C. § 727(a)(2) (concealment) and § 727(a)(4) (false oaths), and non-dischargeable under 11 U.S.C. § 523(a)(2)(A) (debts obtained by fraud), per the U.S. Supreme Court's ruling in Bartenwerfer v. Buckley, 598 U.S. 69 (2023) (fraud debts non-dischargeable regardless of debtor's direct culpability).

The Principals' coordinated actions extend to related bankruptcy filings, including those of Thomas Fogarty and Bernard Griffin, forming a pattern of abuse across multiple cases. These filings appear designed to shield assets from creditors, violating the good faith requirement under 11 U.S.C. § 1129(a)(3) and warranting dismissal under 11 U.S.C. § 1112(b) for cause, including bad faith, as established in In re C-TC 9th Ave. P'ship, 113 F.3d 1304 (2d Cir. 1997).

### III. Detailed of Fraudulent Conduct

#### A. Bankruptcy Fraud Overview

Despite a history of over 50 litigations since 2017, during which the Debtor was represented by counsel, the Debtor is unrepresented in his 2025 legal proceedings, defaulting in all eight major actions totaling over $21.7 million in claimed damages and outstanding balances, primarily for loan defaults and breach of contract. The pattern of defaults followed by a bankruptcy filing suggests a premeditated scheme to evade creditor obligations, implicating the Principals in a criminal enterprise under 18 U.S.C. § 371 (conspiracy to defraud the United States) and Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 et seq., where applicable.

#### B. Enumerated 2025 Proceedings

The Debtor is currently facing the following eight legal actions:

1. Milestone Bank (Mazuma), Case No. 035771/2025, filed August 18, 2025, claiming $8,932,002.44 for loan default.

2. Federal Civil Action (Promissory Note Breach), Case No. 7:25-cv-03505-JGLC, filed April 28, 2025, claiming $3,330,867.50 plus interest.

3. Loan Default (Future Receivables), Case No. 034822/2025, filed July 17, 2025, claiming $3.2 million.

4. Loan Default, Case No. 032951/2025, filed May 7, 2025, claiming $2.6 million.

5. Loan Default (Future Receivables), Monroe County, filed January 22, 2025, claiming $1,764,275.00 plus interest and fees.

6. Breach of Contract (Materials), Case No. 034888/2025, filed July 21, 2025, claiming $873,687.44.

7. Queens County Action (Commercial Contract), Case No. 712220/2025, filed April 28, 2025, claiming $737,000.00.

8. Loan Default (Rockland County), Case No. 032432/2025, filed April 16, 2025, claiming $72,394.79 (accelerated balance).

#### C. Pattern of Fraudulent Conduct

3

The Principals have engaged in numerous state and federal violations, affecting thousands of individuals, including 1,192 workers in wage theft cases, creditors, and government program beneficiaries:

1. Premeditated Bankruptcy Scheme (18 U.S.C. § 157): Unlike 52 prior lawsuits where the Debtor was represented, the Debtor defaulted in all eight 2025 actions without representation, accumulating over $21 million in debts, then filed for bankruptcy on July 14, 2025, suggesting a tactical filing to evade repayment, non-dischargeable under 11 U.S.C. § 523(a)(6) (willful and malicious injury). Similar schemes have led to denial of discharge in cases like In re Jorge Droz Yapur, No. 19-02999 (Bankr. D.P.R. 2019).

2. PPP Loan Misappropriation ($6.4 million): Debtor diverted forgiven PPP funds intended for employee payroll to personal uses, including paying off a mortgage on his million-dollar home and purchasing luxury vehicles, such as a Lamborghini, violating 18 U.S.C. § 1343 (wire fraud) and the CARES Act, 15 U.S.C. § 9001 et seq. This mirrors conduct in PPP fraud cases resulting in multi-year sentences (e.g., U.S. v. Torjagbo, No. 1:22-cr-171 (N.D. Ga. 2025), 9.6 million fraud). Such debts are non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

3. Wage Theft ($2 million+ Federal Judgment): Magistrate Judge Peggy Kuo ordered a $2 million payment in Villa v. Highbury Concrete, No. 1:17-cv-00984 (E.D.N.Y.) for 1,192 Black and Hispanic workers, with additional settlements in Flores v. Highbury Concrete, No. 1:20-cv-01036 (E.D.N.Y.), and Fabre v. Highbury Concrete ($326,344). These violations implicate FLSA, NYLL §§ 190 et seq., and 18 U.S.C. § 641 (embezzlement of public funds), and are potentially non-dischargeable if willful under 11 U.S.C. § 523(a)(6), as discussed in In re Williams, 337 B.R. 846 (Bankr. E.D. Va. 2005). Instead of satisfying these obligations, the Debtor filed for bankruptcy.

4. Additional Misconduct:

o Tax Evasion (26 U.S.C. § 7201): The Principals withheld payroll taxes and underreported income, rendering such liabilities non-dischargeable under 11 U.S.C. § 523(a)(1)(C) (willful evasion), per In re Jacobs, 490 B.R. 1 (Bankr. D. Mass. 2013).

o NYSIF Insurance Fraud: Settled on September 5, 2025, potentially violating 18 U.S.C. § 1033 (insurance fraud).

o Racial Discrimination: Systematic underpayment of Black and Hispanic workers may violate Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., contributing to non-dischargeable claims under 11 U.S.C. § 523(a)(6).

**D. Legal Grounds for Denial of Discharge**

The Principals' conduct supports denial of discharge and other relief based on the following:

4

• 11 U.S.C. § 1141(d)(3): Incorporates § 727(a)(2) (concealment of assets) and § 727(a)(4) (false oaths).

• 11 U.S.C. § 1112(b): Bad faith filing due to a debt accumulation scheme, per In re Motors Liquidation Co., 430 B.R. 65 (Bankr. S.D.N.Y. 2010).

• 11 U.S.C. § 523(a): Exceptions to discharge for fraud (§ 523(a)(2)), fiduciary breach (§ 523(a)(4)), and willful injury (§ 523(a)(6)).

• 11 U.S.C. § 548: Fraudulent transfers within two years of the bankruptcy filing, recoverable under § 550.

• Precedent: In re Jorge Droz Yapur (2019); Two Men Indicted (2022); Bartenwerfer v. Buckley, 598 U.S. 69 (2023) (fraud non-dischargeable).

## IV. Requests for Relief

Based on the Debtor's material misrepresentations and fraudulent concealment of assets to fabricate insolvency, I respectfully request the following relief pursuant to 11 U.S.C. §§ 105(a), 327(a), 349(a), 523(a)(6), 727(a), 1104(c), 1112(b), 1141(d), 1144, 548, 550; Fed. R. Bankr. P. 2004, 2007.1, 9011; 18 U.S.C. §§ 152, 157, 3057, 1347; and 26 U.S.C. § 7201, consistent with Second Circuit precedent:

1. Dismissal with Prejudice (11 U.S.C. §§ 1112(b), 349(a)): For bad faith, as the Debtor's accumulation of over $21 million in debt through intentional defaults and tactical filing to evade creditors and marital obligations constitutes bad faith, per In re C-TC 9th Ave. P'ship, 113 F.3d 1304 (2d Cir. 1997). Extend dismissal to related bankruptcies of Thomas Fogarty and Bernard Griffin to prevent coordinated abuse.

2. Denial of Discharge (11 U.S.C. §§ 727(a), 1141(d), 1144): For concealment (e.g., Irish property valued at over $500,000, generating $39,600 annually), false oaths, and fraud, per In re Motors Liquidation Co., 430 B.R. 65 (Bankr. S.D.N.Y. 2010).

3. Examiner Appointment (11 U.S.C. § 1104(c)): To investigate fraud, mandatory for debts exceeding $5 million, per In re FTX Trading Ltd., 88 F.4th 121 (3d Cir. 2024).

4. Forensic Accountant Retention (11 U.S.C. § 327(a)): To trace funds, per In re Refco Inc., 336 B.R. 187 (Bankr. S.D.N.Y. 2005).

5. Asset Freeze (11 U.S.C. § 105(a)): To prevent further dissipation, per In re Adelphia Commc'ns Corp., 302 B.R. 439 (Bankr. S.D.N.Y. 2003).

6. Denial of Chapter 7 Conversion (11 U.S.C. § 1112(b)): Per Marrama v. Citizens Bank, 549 U.S. 365 (2007).

7. Referral to DOJ/FBI (18 U.S.C. § 3057): For investigation of bankruptcy fraud (§§ 152, 157), health care fraud (§ 1347), and tax evasion (§ 7201), per U.S. v. Roesser, No. 23-cr-155 (S.D.N.Y. 2023), ensuring full prosecution of the Principals.

8. Evidentiary Hearing/Discovery (Fed. R. Bankr. P. 2004): To trace assets, per In re Lehman Bros. Holdings Inc., 433 B.R. 113 (Bankr. S.D.N.Y. 2010).

9. Sanctions (Fed. R. Bankr. P. 9011): A $50,000 penalty and costs for bad faith, per In re Chisholm, 166 B.R. 706 (Bankr. D. Neb. 1994).

10. Any Other Relief: As the Court deems just to protect creditors and uphold judicial integrity, including asset recovery under 11 U.S.C. § 550.

**Thomas Gorman and his criminal enterprise cannot be permitted to defraud New York citizens, federal programs, and creditors of at least $21 million through bankruptcy abuse. The Court must deny discharge, recover assets, and refer for prosecution to preserve judicial integrity.**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

/s/ Sai Malena Jimenez Fogarty

Sai Malena Jimenez Fogarty

Pro Se

Dated: October 19, 2025